[Cite as *State v. Witt*, 2017-Ohio-7441.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

STEPHEN C. WITT,

    DEFENDANT-APPELLANT.

CASE NO. 2-17-09

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2016-CR-159

Judgment Affirmed

Date of Decision: September 5, 2017

APPEARANCES:

    *James F. Hearn, Jr.* for Appellant

    *R. Andrew Augsburger* for Appellee

**WILLAMOWKSI, J.**

{¶1} Defendant-appellant Stephen C. Witt ("Witt") appeals the judgment of the Auglaize County Court of Common Pleas, alleging that the trial court abused its discretion in ordering Witt to serve the maximum sentence allowed under the law for the crime of fleeing the scene of an accident that resulted in serious injury. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On June 25, 2016, Witt was charged with an OVI violation in Miami County, Ohio. Sentencing Tr. 5. Witt was arraigned on this charge on June 27, 2016 and was released on his own recognizance. *Id.* While Witt was out on bond on the Miami County OVI charge, he was involved in a motor vehicle accident on July 2, 2016 in Auglaize County, Ohio. Doc. 1. In this incident, Witt, while driving his vehicle, struck a parked minivan and two pedestrians standing outside of the minivan. Plea Change Hearing Tr. 23. Both pedestrians suffered injuries. *Id.* Witt fled the scene of the accident prior to the arrival of law enforcement. *Id.* This incident in Auglaize County is the subject of this case. Roughly an hour after this accident, on July 2, 2016, the Lima Police came upon Witt in Allen County, Ohio. Ex. A. Witt was sitting in his vehicle, which was parked at a green light at an intersection. *Id.* The police determined that Witt was operating a vehicle while impaired and cited him accordingly. *Id.* This citation is the basis of a separate case

in Allen County that was ongoing at the time of the present case from Auglaize County. Plea Change Hearing Tr. at 24.

{¶3} Three days after the accident in Auglaize County, on July 5, 2016, Witt was involved in another accident in Delaware County. Sentencing Tr. 6. This accident gave rise to yet another OVI charge against Witt in Delaware County. *Id*. Ex. A. Witt suffered serious injuries in the Delaware County accident, was hospitalized, and sent to a nursing home in the Dayton area for recovery. Sentencing Tr. 12-13. On September 29, 2016, while Witt was still in the nursing home, he was indicted in Auglaize County on two counts of fleeing the scene of an accident that resulted in serious physical harm in violation of R.C. 4549.02(A). Doc. 1. *See* R.C. 4549.02(B)(2)(a). On the same date, an arrest warrant for Witt was also issued in Auglaize County. Doc. 6. In October of 2016, Witt was involved in an altercation at the nursing home, which led the nursing home staff to call the police. Sentencing Tr. at 12-13. After the police officers arrived at the nursing home, they discovered the arrest warrant for Witt that had previously been issued from Auglaize County. *Id*. The police then arrested Witt. *Id*.

{¶4} On January 6, 2017, Witt accepted a plea agreement in which the second charge filed against him would be dropped and in which he would plead guilty to one count of fleeing the scene of an accident. Doc. 30. On January 6, 2017, the trial court accepted Witt's guilty plea but delayed sentencing until a presentence investigation could be conducted. Doc. 31. During the presentence investigation

("PSI"), Witt told the PSI writer that he had no intention of following any orders given to him by the trial court if he were placed on community control. Sentencing Tr. 4-5.

{¶5} On March 8, 2017, the trial court held Witt's sentencing hearing. *Id*. at 1. Defense counsel argued that the four and a half months that Witt spent in jail prior to this hearing was sufficient punishment, that no further prison term was necessary for this offense, and that Witt should merely be placed on community control. *Id*. at 9. The prosecution argued that Witt should serve more jail time. *Id*. at 4. The prosecutor pointed to the comments that Witt made during the PSI and argued, on the basis of Witt's own statements, that community control was insufficient to address Witt's conduct. *Id*. at 4-5.

{¶6} The prosecutor also referenced the three outstanding warrants for Witt's arrest that had been issued from Miami County, Allen County, and Delaware County over Witt's OVI charges in each of those counties. *Id*. at 5-7. The trial court discussed these charges, considering the fact that all of these incidents occurred within a very short time frame. *Id*. at 6. The prosecutor stated that further action on these three charges had not been taken since the proceedings began against Witt in Auglaize County. *Id*. at 5. The trial court also noted that the accident in Auglaize County occurred while Witt was out on bond for the Miami County charge and that Witt did not appear for his arraignment or a pretrial conference on his Delaware County OVI charge. *Id*. at 7.

**{¶7}** Towards the end of the hearing, the trial court read from a report from the nursing home where Witt was recovering from his injuries received in the Delaware County crash. *Id.* at 12-13. The report read, in its relevant part, as follows:

> **He [Witt] used racially charged language, derogatory remarks, cursing and often yelling at staff and other residents. * * * After his behavior continued after repeated warnings, Doctor Patel discharged the offender for almost daily verbal abuse and leaving the facility when he became angry, refusing the follow the rules. When he was told he was being discharged, he began hitting objects with rage and the Administrator called Centerville police again to escort him from the facility. When police arrived, his warrant for Auglaize County surfaced and he was arrested * * *.**

*Id.* After going through the history of this case, the trial court gave Witt the maximum sentence of one year in prison in addition to post-release control. Doc. 40. Witt filed notice of appeal on March 31, 2017. Doc. 64.

*Assignment of Error*

**{¶8}** In this appeal, Witt raises the following assignment of error:

> **The trial court's sentences the maximum allowed by law of defendant-appellant was unsupported by the record and was contrary to law and further constitutes an abuse of discretion in failing to properly follow the felony sentencing guidelines set forth in Ohio Revised Code 2929.11 and 2929.12.**

In his brief, Witt argues that the trial court did not comply with the statutory requirements governing the sentencing process and, in so doing, abused its

discretion in ordering Witt to serve the maximum sentence for the crime of fleeing the scene of an accident. [1] *See* R.C. 2929.11 and R.C. 2929.12.

**{¶9}** In support of this claim, Witt points to the trial court's mention of an altercation involving Witt at the nursing home and argues that it was inappropriate for the trial court to consider these facts as Witt was not charged or convicted of a crime in relation to this incident. Witt also points to the factors in R.C. 2929.12(B) that are used to determine whether "the offender's conduct is more serious than conduct normally constituting the offense" and argues that many of the factors do not apply in his case, indicating that his conduct was not sufficiently serious to warrant the maximum sentence. R.C. 2929.12(B). We, however, do not find these arguments to be persuasive.

*Legal Standard*

**{¶10}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 15, quoting *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26-27, quoting, *State v. King*, 2d Dist. Clark Nos. 2012-CA-25 and 2012-CA-26, 2013-Ohio-2021, ¶ 45.

---

[1] In his brief, Witt uses the standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. However, *Kalish* was abrogated by *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. *Marcum* held that "appellate courts may not apply the abuse-of-discretion standard in sentencing term challenges." *Id*. at ¶ 10. While the brief forms its arguments on the basis of *Kalish*, our analysis will follow *Marcum*.

*See State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 8 (holding "that trial courts have full discretion to impose a prison sentence within the statutory range without the mandatory findings."). However, R.C. 2929.11(A) does require courts, in the process of sentencing offenders for felonious conduct, to "be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A).

> **The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

*Id*. In this determination, "the trial court must comply with all applicable rules and statutes * * *. *State v. Wells*, 2015-Ohio-3511, 41 N.E.3d 216, ¶ 22 (2d Dist.), quoting *State v. Eicholtz*, 2d Dist. Clark No. 2012-CA-7, 2013-Ohio-302, ¶ 53. Further, a sentence for a felonious crime must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to '[s]tate on the record that it considered the statutory criteria or discuss[ed] them.'" *State v. Kegley*, 3d Dist.

Crawford No. 3-16-06, 2016-Ohio-8467, ¶ 20, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.2d 820, 822 (4th Dist.1995). A "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Shreves*, 2016-Ohio-7824, 74 N.E.3d 765, ¶ 14, quoting *State v. Castle*, s*upra*, at ¶ 26 quoting, *State v. King*, s*upra*, at ¶ 45. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 12, quoting *Maggette, supra*, at ¶ 32.

**{¶12}** "Ordinarily, appellate courts defer to trial courts' broad discretion in making sentencing decisions." *State v. Rahab*, 2017-Ohio-1401, --- N.E.3d ---, ¶ 19. "R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record."[2] *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 24. *See* R.C. 2953.08(G)(2).

---

[2] We note that the trial court is given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

"Clear and convincing evidence is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 7, quoting *Marcum* at ¶ 1.

*Legal Analysis*

**{¶13}** We will first address the assertion of the appellant that claims that the trial court did not consider the relevant statutory factors contained in R.C. 2929.11 and R.C. 2929.12. Our review of the record shows that a number of relevant factors were considered at length. In this case, the trial court ordered Witt's sentence in a journal entry that begins as follows:

> **Defendant was afforded all rights pursuant to Criminal Rule 32. The court has considered the record, oral statements, any Victim Impact Statement and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12.**

Doc. 40. *See Magette, supra,* at ¶ 33; *Silknitter, supra,* at ¶ 9. This statement in the journal entry is confirmed by the transcript of the sentencing hearing. The trial judge inquired into the condition of the victims of the incident and into how Witt's offense impacted these people. Tr. 4. *See* R.C. 2929.12(B).

**{¶14}** The trial judge considered, at length, Witt's extensive criminal history as documented in the PSI submitted to the court. Tr. 5. *See* R.C. 2929.12(D); R.C. 2929.12(E). The PSI confirmed that Witt committed the felony that is the subject

of this case while he was out on bond for another criminal action in Miami County, Ohio. Tr. 7, 15. *See* 2929.13(B)(1)(b)(xi); R.C. 2929.12(D)(1). Further, at the time of this hearing, four different counties had initiated criminal proceedings against Witt for similar offenses. Tr. 7. The acts that gave rise to these four separate charges were all committed within a two-week timeframe in four different locations across Ohio. Ex. A. Witt was also subject to an administrative license suspension as the result of the Allen County OVI charge. *Id.*

**{¶15}** The court also considered the fact that Witt had warrants for his arrest out in three other counties for offenses similar to the crime committed in the present case. Sentencing Tr. 7. Miami County had a warrant issued for Witt because he failed to appear for two pretrial conferences. Ex. A. Allen County had a warrant issued for Witt because he failed to appear for his arraignment. *Id.* Delaware County had a warrant issued for Witt because he failed to appear for his arraignment and another pretrial conference. *Id.* The prosecutor also brought up statements that Witt made to the PSI writer in which Witt said that he would not abide by the orders of the trial court if he were placed on community control. Sentencing Tr. 4. *See* R.C. 2929.12(D)(5).

**{¶16}** The trial court listened to defense counsel argue the mitigating factors, such as Witt's age and his physical condition. Sentencing Tr. at 8. *See* R.C. 2929.12(C)(4). The trial court also heard from Witt and engaged in a colloquy over Witt's behavior as reported in the PSI. Tr. 9-12. *See* R.C. 2929.12(C)(4). After

hearing Witt's statement, the trial court concluded that Witt was not taking responsibility for his actions and was using injuries he had sustained in an accident in 1996 as an excuse for his behavior. Sentencing Tr. 14, 16. *See* R.C. 2929.12(D)(5). R.C. 2929.12 directs trial courts to consider the factors listed in that section of the Revised Code but also directs the trial court to "consider any other factors that are relevant to achieving those purpose and principles of sentencing." R.C. 2929.12(A). The record shows that the trial court considered a variety of relevant factors in reaching its determination.

{¶17} Appellant also argues that the trial court relied too heavily on his altercation at the nursing home in reaching its determination on sentencing. We disagree. The record shows that this was just one of many facts that the trial court considered in sentencing Witt. The incident at the nursing home was referenced by the trial court in the process of questioning Witt and determining whether he was remorseful. The incident was documented in the PSI report and was directly related to the facts of this case as this altercation is how Witt was apprehended by the police for the crime for which he was being sentenced. Ex. A. Thus, the trial court did not, in considering this information, abuse its discretion or, in any way, act contrary to the law.

{¶18} Appellant's final argument rests on R.C. 2929.12(B), which lists factors that "[indicate] that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). Appellant argues that the

maximum sentence is inappropriate in this case because none of the factors listed in R.C. 2929.12(B) is present in this case. However, the trial court has full discretion to impose a sentence within the statutory range. *See Shreves, supra*, at ¶ 14. The wording of R.C. 2929.12(B) directs the trial court to consider the factors listed in the statute and "any other relevant factors" that may "[indicate] that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). Thus, the presence of a factor listed in R.C. 2929.12(B) is not a necessary condition for a trial court to order an offender to serve a maximum sentence.

{¶19} In the end, the trial court considered a wide variety of information to render a determination. The record demonstrates that the trial court expressly applied a number of the factors at the sentencing hearing that Ohio law directed it to consider in evaluating this information in addition to other relevant factors present in this case. Thus, we find that the sentence ordered in this case is supported by the record. Further, we do not find evidence in the record that the trial court clearly and convincingly failed to comply with the law in ordering the maximum sentence for the crime of fleeing the scene of an accident. For this reason, Witt's sole assignment of error is overruled.

*Conclusion*

**{¶20}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Auglaize County Court of Common Pleas is affirmed.

***Judgment Affirmed***


**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**