[Cite as *State v. Walton*, 2018-Ohio-1680.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-17-55

    v.

ALEXUS E. WALTON,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR16-12-0337

Judgment Affirmed

Date of Decision: April 30, 2018

APPEARANCES:

    *Steven R. Fansler* for Appellant

    *Alice Robinson-Bond* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Alexus E. Walton ("Walton") appeals the judgment of the Logan County Court of Common Pleas, alleging that the trial court did not properly balance the seriousness and recidivism factors in sentencing her. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On November 24, 2016, Walton's boyfriend, MarQuevous Watkins ("Watkins") asked her to give him, Zachariah Huddleston ("Huddleston"), T.F., and J.L. a ride to Jeffrey Brentlinger's ("Brentlinger") house. Walton agreed to drive these four passengers after she was offered forty dollars in gas money. Walton was aware that T.F. and J.L. were going to Brentlinger's house to perform sexual acts with Brentlinger in exchange for money. Tr. 8. Walton claims that she was unaware that T.F., J.L., Huddleston, and Watkins intended to rob Brentlinger. However, on the way to Brentlinger's house, Walton, at the direction of her four passengers, drove to Walmart where she participated in the theft of ski masks and duct tape. Tr. 12, 15. Further, Watkins told the police that the four passengers discussed their plan to rob Brentlinger while they were in the car with Walton.

{¶3} As Walton approached Brentlinger's house, she turned off her headlights. Tr. 15. J.L. and T.F. then got out of the car and went into the house. Watkins and Huddleston followed, wearing ski masks as they left the vehicle. Tr. 15. Inside the home, Watkins pulled out a gun and shot Brentlinger, who died

shortly after suffering this injury. The four passengers then stole several items and fled the scene. Walton was waiting for them in the car and drove Watkins, Huddleston, J.L., and T.F. away. Tr. 15.

{¶4} Walton was charged with one count of complicity to aggravated robbery in violation of R.C. 2911.01(A)(1), R.C. 2923.03; one count of complicity to aggravated burglary in violation of R.C. 2911.11(A)(1), R.C. 2923.03; one count of complicity to murder in violation of R.C. 2903.02(B), R.C. 2923.03; and one count of complicity to tampering with evidence in violation of R.C. 2923.03(A)(2), R.C. 2921.12(A)(1). Doc. 2, 47. On October 2, 2017, Walton pled guilty to one count of complicity to aggravated robbery. Doc. 135. The remaining charges against her were dismissed. Doc. 137. Prior to this conviction, Walton's criminal record consisted of one disorderly conduct conviction and a speeding ticket. Tr. 20. At her sentencing hearing on November 9, 2017, the State recommended a prison sentence of seven years. Tr. 1, 15. The Defense asked that the trial court consider a prison sentence of three or four years. Tr. 14. On December 1, 2017, Walton was sentenced to a term of five years in prison. Doc. 142.

*Assignment of Error*

{¶5} Appellant filed notice of appeal on December 11, 2017. Doc. 155. On appeal, appellant raises the following assignment of error:

> **The court erred in balancing the seriousness and recidivism factors as components of its sentence.**

In her brief, Walton argues that the seriousness of the crimes of her compatriots was attributed to her in the sentencing process. She asserts that seriousness and recidivism factors, when applied to her individual conduct, show that her sentence is unnecessarily harsh.

*Legal Standard*

{¶6} Trial courts are to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

> **are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.**

R.C. 2929.11. To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12. The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism. R.C. 2929.12.

{¶7} Appellate courts defer to the broad discretion of the trial court in matters of sentencing.[1] *State v. Witt*, 3d Dist. Auglaize No. 2-17-08, 2017-Ohio-7441, ¶ 12. If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has

---

[1] We note that the trial court is given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

*Legal Analysis*

**{¶8}** In this case, Walton admitted that she was aware that J.L. and T.F. were going to commit an illegal act in Brentlinger's house. Tr. 8. Further, the State presented facts that indicated Walton was aware that she was furthering a scheme to commit a robbery: Walton participated in the theft of ski masks and duct tape from Walmart and was in the car as the four passengers were discussing their plan. Tr. 15. She also drove the four passengers away from Brentlinger's house after the crimes had been committed. Tr. 15. After reviewing the record, we find that competent, credible evidence supports the trial court's decision to order a five-year prison sentence for Walton. The appellant has not demonstrated, by clear and

convincing evidence, that her sentence was contrary to law. For these reasons, Walton's sole assignment of error is overruled.

*Conclusion*

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**