[Cite as *State v. Jacobs*, 2019-Ohio-668.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-18-38

    v.

WAYNE E. JACOBS,              O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Logan County Common Pleas Court**
**Trial Court No. CR-17-11-0389**

**Judgment Affirmed**

**Date of Decision:  February 25, 2019**

---

**APPEARANCES:**

    *Eric J. Allen* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Wayne E. Jacobs ("Jacobs") appeals the judgment of the Logan County Court of Common Pleas, alleging the trial court imposed a sentence that was not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

**{¶2}** On November 15, 2017, Jacobs was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(c). Doc. 2. Jacobs entered into a plea agreement with the State and, on June 29, 2018, pled guilty to one count of rape in violation of R.C. 2907.02(A)(1)(c). Doc. 111. One provision contained in this plea agreement read as follows:

> **9. I understand that by pleading guilty, I waive the following constitutional rights that I have:**
>
> **\* \* \***
>
> **f. the right to appeal any judgment of this Court to the Court of Appeals.**

Doc. 111. At the plea hearing, the trial judge stated the following:

> **Now, if I impose the maximum sentence \* \* \* and I'm not telling you what's going to happen because I don't know--but if the Court were to impose the maximum sentence, you could appeal the sentence, you could appeal the sentence, but only if you filed a notice of appeal within 30 days after the Court issues its sentence and puts it in the file. If you don't file a notice of appeal inside that 30 days, you waive your right to appeal.**

Change of Plea Hearing Tr. 19. Pursuant to the plea agreement, the State dismissed the second count of rape against Jacobs and the repeat violent offender specification. *Id*. at 4. This agreement did not include a joint sentencing recommendation. *Id*. at 6. On July 31, 2018, the trial court sentenced Jacobs. Doc. 112. At this hearing, the trial judge stated the following:

> **Now, Wayne, you may have the right to appeal this sentence. I did not impose the maximum. I imposed one year short of the maximum. Nonetheless, there may be other elements of the sentence that are appealable.**

Sentencing Hearing Tr. 22.

### *Assignment of Error*

{¶3} Appellant filed his notice of appeal on August 28, 2018. Doc. 120. On appeal, Jacobs raises the following assignment of error:

> **The court erred by imposing a sentence unsupported by the record per O.R.C. 2929.14.**

Jacobs concedes that his sentence is within the statutory range prescribed in R.C. 2929.14(A)(1), being one year less than the maximum sentence. However, Jacobs argues that the facts of this case do not support a sentence of this duration.

### *Legal Standard*

{¶4} In the process of sentencing offenders for felonious conduct, the trial court is to "be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A).

> **The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

*Id.* "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to '[s]tate on the record that it considered the statutory criteria or discuss[ed] them.'" *State v. Witt*, 3d Dist. Auglaize No. 2-17-09, 2017-Ohio-7441, ¶ 11, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.2d 820, 822 (4th Dist.1995).

{¶5} A "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Shreves*, 2016-Ohio-7824, 74 N.E.3d 765, ¶ 14 (3d Dist.), quoting *State v. King*, 2d Dist. Clark Nos. 2012-CA-25 and 2012-CA-26, 2013-Ohio-2021, ¶ 45. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 12, quoting *Maggette* at ¶ 32.

**{¶6}** "Appellate courts defer to the broad discretion of the trial court in matters of sentencing." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 7. "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

*Legal Analysis*

**{¶7}** In its brief, the State argues that Jacobs waived his right to appeal by agreeing to section 9(f) of his plea agreement and that this Court should not, therefore, consider the merits of his argument. *See* Doc. 111. The State urges this Court to follow the holding of the Tenth District as stated in *State v. Horton*, 2017-Ohio-8549, 99 N.E.3d 1090 (10th Dist.). This Court recently considered this exact

argument in *State v. Watkins*, 3d Dist. Logan No. 8-18-21, 2018-Ohio-4921, ¶ 9,

and held the following:

> **The State cites *State v. Horton*, 10th Dist. Franklin No. 17AP-266, 2017-Ohio-8549, 99 N.E.3d 1090, ¶ 15, for the proposition that based on the written plea agreement Watkins actually unequivocally waived his right to appeal in this case. *Horton* does have one significant difference from the case before us, which would potentially prevent it from being directly analogous. In *Horton*, it was also noted at the plea hearing that the defendant was giving up his right to appeal. Here, the trial court only indicated at the plea hearing that Watkins' right to appeal would be severely limited. It was not restated at the plea hearing that Watkins had waived his right to appeal without qualification. While we could use *Horton* as persuasive authority in this case to potentially overrule Watkins' assignments of error without addressing them, *Horton* still proceeded to address the merits of the arguments in the interest of justice, and we will do the same.**

*Watkins* at ¶ 9.[1]   The case before us is factually analogous to *Watkins*. The trial

judge did not indicate that Jacobs "had waived his right to appeal without

qualification." *Id*.  Rather, the trial judge, at the change of plea hearing and the

sentencing hearing, indicated that Jacobs would have a right to appeal in some form.

Change of Plea Tr. 19.  For this reason, we will follow *Watkins* and will proceed to

examine the merits of Jacobs's argument.

---

[1] In *State v. Gwynne*, the Fifth District wrote that the "appellant ha[d] not waived her right to appeal her sentence" "[b]ecause there was no agreement as to sentence in this matter." *State v. Gwynne*, 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570, fn. 1.  The State of Ohio appealed this judgment to the Supreme Court of Ohio, asserting the following proposition of law: "When a defendant knowingly, intelligently, and voluntarily waived her right to appeal as part of her plea agreement, an appellate court is without authority to address the merits of the appeal." *State v. Gwynne*, 152 Ohio St.3d 1420, 2018-Ohio-923, 93 N.E.3d 1002, Appellant's Brief.  The Supreme Court has not yet issued a ruling on this issue. However, we do not anticipate that the outcome of *Gwynne* will have an impact on the case before us as the facts of this case did not require us to issue a ruling on the specific issue before the Supreme Court.

{¶8} In this case, the trial court expressly considered the overriding principles of felony sentencing at the sentencing hearing and in its judgment entry. Sentencing Hearing Tr. 10-11. Doc. 112. Further, the sentence imposed by the trial court falls within the statutory range. *See* R.C. 2929.14(A)(1). The record shows that Jacobs admitted that he was guilty of a serious crime and had a long history of committing similar sex offenses. Change of Plea Hearing Tr. 11-12, 20. Sentencing Hearing Tr. 7-10. After reviewing the facts of this case, we find that Jacobs's sentence was adequately supported by the facts in the record. Because Jacobs did not carry the burden of demonstrating, by clear and convincing evidence, that his sentence was unsupported by the record, his sole assignment of error is overruled.

### *Conclusion*

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

**Judgment Affirmed**

**SHAW and PRESTON, J.J., concur.**

**/hls**