**[Cite as *State v. Rodgers*, 2020-Ohio-4173.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

                                CASE NO. 5-20-04

    PLAINTIFF-APPELLEE,

    v.

WILLIAM E. RODGERS,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CR 71

**Judgment Affirmed**

**Date of Decision:  August 24, 2020**

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant William E. Rodgers ("Rodgers") appeals the judgment of the Hancock County Court of Common Pleas, alleging that his sentence is not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On September 6, 2018, Rodgers sold 0.39 grams of cocaine to a confidential informant who was working with the Hancock County METRICH Drug Task Force. PSI. On February 12, 2019, Rodgers was indicted on two counts of trafficking in cocaine in violation of R.C. 2925.03(A). Doc. 1. On September 27, 2019, Rodgers pled guilty to one count of trafficking in cocaine, which was a felony of the fifth degree. Doc. 29, 31. The second count of trafficking in cocaine against Rodgers was dismissed. Doc. 32. At the change of plea hearing, the trial court ordered that a presentence investigation ("PSI") be prepared. Change of Plea Tr. 30.

{**¶3**} On December 19, 2019, Rodgers appeared before the trial court for sentencing. Tr. 1. At this hearing, the trial court considered the PSI. Tr. 3, 11-12, 17-19. The trial court then ordered Rodgers to serve an eleven-month prison sentence. Tr. 21. The maximum prison sentence for this offense was twelve

months.  R.C. 2929.14(A)(5).  On December 30, 2019, the trial court issued the judgment entry of sentencing.  Doc. 33.

*Assignment of Error*

{¶4} The appellant filed his notice of appeal on January 28, 2020.  Doc. 41. On appeal, Rodgers raises the following assignment of error:

> **Because the record, as shown by clear and convincing evidence, does not support the trial court's findings, pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

Rodgers argues that the trial court did not properly weigh the principles and purposes of felony sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12.

*Legal Standard*

{¶5} In rendering a sentence, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range * * *."  *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 15, quoting, *State v. King*, 2d Dist. Clark Nos. 2012-CA-25, 2012-CA-26, 2013-Ohio-2021, ¶ 45.  However, in this process, trial courts are to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

> **are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  * * ***

R.C. 2929.11. "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism. R.C. 2929.12.

{¶6} "Appellate courts defer to the broad discretion of the trial court in matters of sentencing." *State v. Jones*, 3d Dist. Shelby No. 17-19-08, 2019-Ohio-4938, ¶ 7.[1] If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

---

[1] Trial courts are given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

*Legal Analysis*

**{¶7}** In this case, the trial court ordered Rodgers to serve a prison sentence of eleven months after considering the contents of the PSI. Tr. 11-12. We begin our analysis by noting that this prison term falls within the statutory range for a fifth-degree felony. R.C. 2929.14. As to the seriousness factors, the trial court considered the factors that are expressly listed in R.C. 2929.12(B)-(C). Tr. 14. The trial judge then concluded that, "[b]ased on a consideration of the factors in the statu[t]e, I don't know that I really find anything either way that makes [this offense] better or worse than the others * * *." Tr. 14. However, R.C. 2929.12(B) does not limit a trial court's consideration of the seriousness of an offense to the factors expressly listed in the statute. R.C. 2929.12(B).

**{¶8}** Rather, R.C. 2929.12(B) directs a trial court to consider "any other relevant factors" that "indicat[e] that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). In this case, the trial court did consider a factor that was not listed in the statute as evidence that the offense Rodgers committed was "more serious than [the] conduct normally constituting the offense." R.C. 2929.12(B). The trial court found the fact that Rodgers sold but did not use cocaine to be significant. Tr. 17. The trial judge stated the following:

> **The other part that is of concern regarding substance use history is that the offense for which you entered a plea of guilty was**

> **trafficking in cocaine. You indicate that you've never been a user of cocaine, you were only selling it.**
>
> **Okay. I think that makes it worse because I understand that it's not uncommon for users to sell. They sell to other users, they fund their own habits that way. You're selling to make money, which makes you a drug dealer. That's a problem.**

Tr. 17. The PSI also concluded that none of the R.C. 2929.12(C) factors that indicate the offender's conduct was less serious were applicable in this case. PSI.

{¶9} As to the recidivism factors, the trial court noted that the PSI indicated that Rodgers had "an extensive juvenile record" and "an extensive adult record." Tr. 14. While Rodgers did not previously have any felony convictions, the trial court noted that he had previously had several felony charges that resulted in convictions for misdemeanor offenses. Tr. 15. The PSI concluded that the previous sanctions that Rodgers had received for his criminal behavior had not resulted in his rehabilitation as he "continues to engage in criminal behavior." PSI. Based on the PSI, the trial judge stated that he "d[i]dn't find any factors outlined in the PSI that would indicate recidivism is less likely." Tr. 15.

{¶10} The trial court also noted that Rodgers had failed to comply with the terms of his bond. Tr. 15. The PSI indicated that there were ten instances in which Rodgers "failed to call in on the date that [he was] supposed to * * *." Tr. 16. Further, the PSI also indicated that Rodgers reported that he had not used marijuana since 2012. Tr. 16. However, he tested positive for marijuana three weeks before

the scheduled sentencing hearing. Tr. 16. The PSI also indicated that Rodgers did not have any mental health issues or history of substance abuse. Tr. 19, 20.

{¶11} The trial court found that these facts "complicated" the prospect of placing Rodgers on community control instead of placing him in prison. Tr. 18. The trial judge concluded his analysis by stating the following:

> **I am, however, Mr. Rodgers, going to find, based upon the information contained within the presentence investigation, again, lengthy adult and juvenile criminal history, failure to comply while on bond, again, no diagnosed or reported mental health or substance abuse history, I'm going to find that you are not amenable to community control, that the imposition of a prison sentence is consistent with the principles and purposes of sentencing.**

Tr. 20-21.

{¶12} In the end, it is evident that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11. The trial court also considered the seriousness and recidivism factors pursuant to R.C. 2929.12 before ordering a prison term that was within the statutory range. Tr. 12-13, 20-21. *See* R.C. 2929.14(A). After reviewing the relevant materials, we conclude that Rodgers's sentence is supported by the facts in the record. Because he did not carry the burden of demonstrating, by clear and convincing evidence, that his sentence was not supported by the record, Rodgers's sole assignment of error is overruled.

*Conclusion*

**{¶13}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**