[Cite as *State v. Purvis*, 2021-Ohio-265.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANTHONY PURVIS,

    DEFENDANT-APPELLANT.

CASE NO. 9-20-29

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-190

Judgment Affirmed

Date of Decision:  February 1, 2021

APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *Nathan Heiser* for Appellee

**WILLAMOWKSI, P.J.**

{¶1} Defendant-appellant Anthony J. Purvis ("Purvis") appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court erred by imposing the maximum prison term in this case. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On June 10, 2018, Tara C. ("Tara") caught Purvis, who was twenty years old at that time, in bed with her fourteen year old daughter, K.C. PSI. Tara ordered Purvis to leave the premises. PSI. Shortly thereafter, K.C. fled from the residence on foot. PSI. Tara then contacted the police. PSI. The police made contact with Purvis, who denied knowing the whereabouts of K.C. and having a sexual relationship with K.C. PSI. When the police located K.C., she denied having a sexual relationship with Purvis. PSI.

{¶3} Tara agreed to have K.C. participate in a SANE examination at the hospital. PSI. During the SANE examination, K.C. admitted that she had sexual intercourse with Purvis. PSI. This examination also detected the presence of DNA from a male subject. PSI. Once the police located Purvis, they informed him that a male's seminal fluid was found in K.C.'s vaginal area. PSI. Purvis eventually admitted that he had previously had sexual intercourse with K.C. PSI.

{¶4} Tara also gave permission to the police to examine K.C.'s phone. PSI. The police located multiple photos that Purvis had sent to K.C. that captured a male

in a state of undress. PSI. Purvis stated that the pictures were not of him but were pictures of penises that he found online. PSI. K.C. stated that she would be able to identify whether a picture depicted Purvis or was a stock image. PSI. K.C. also admitted that they had exchanged a photo of her in a state of undress. PSI.

{¶5} On May 8, 2019, Purvis was charged with one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree; and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a felony of the fifth degree. Doc. 1. On July 21, 2020, Purvis pled guilty to one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). Doc. 20. The second count against Purvis was dismissed. Doc. 23. The parties jointly recommended that Purvis be sentenced to community control. Doc. 20.

{¶6} At his sentencing hearing on August 24, 2020, the trial court considered the content of a presentence investigation report ("PSI") and a series of emails that Purvis had sent to K.C. after the offense. Tr. 1, 4, 7. These emails indicated that Purvis wanted to continue to maintain his relationship with K.C. Tr. 6. After reviewing these materials, the trial court imposed the maximum prison term on Purvis. Tr. 6. Doc. 23.

*Assignment of Error*

{¶7} The appellant filed his notice of appeal on August 28, 2020. Doc. 27. On appeal, Purvis raises the following assignment of error:

**The trial court erred by sentencing the Defendant to eighteen (18) months when the Appellant was a first time felon, there was a joint recommendation for Community Control, and had shown he was amenable to community control sanctions and the record does not support the trial court's imposition of a maximum sentence.**

Purvis argues the minimum sentence necessary to protect the public and rehabilitate him was a community control sanction and not a term of imprisonment.

*Legal Standard*

{¶8} In rendering a sentence, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range * * *."[1] *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 15, quoting *State v. King*, 2d Dist. Clark Nos. 2012-CA-25, 2012-CA-26, 2013-Ohio-2021, ¶ 45. However, in this process, trial courts are to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

**are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. * * ***

R.C. 2929.11. "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. The

---

[1] Trial courts are given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism. R.C. 2929.12.

{¶9} "Appellate courts defer to the broad discretion of the trial court in matters of sentencing." *State v. Jones*, 3d Dist. Shelby No. 17-19-08, 2019-Ohio-4938, ¶ 7. If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

{¶10} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, 53 O.O. 361, paragraph three of the syllabus (1954).

*Legal Analysis*

**{¶11}** In this case, Purvis pled guilty to a felony of the fourth degree. Doc. 1, 23. *See* R.C. 2907.04(B)(1). For this reason, his eighteen-month prison term falls within the statutory range of six to eighteen months. *See* R.C. 2929.14(A)(4). Tr. 6. At the sentencing hearing, the trial court stated that it had considered the purposes and principles of felony sentencing under R.C. 2929.11. Tr. 5. Doc. 23. *See* R.C. 2929.11(A). The trial court also stated that it considered the seriousness and recidivism factors. Tr. 5.

**{¶12}** Regarding the factors listed in R.C. 2929.12, the trial court noted multiple times that the victim of this offense was a fourteen year old minor. Tr. 5-6. The trial court then determined "that amongst the seriousness factors, the injury to the victim, as worsened by her age and the relationship with the victim, facilitated the offense." Tr. 6. *See* R.C. 2929.12(1), (6). The record indicates that Purvis admitted that he and K.C. "had been in a relationship for * * * 10 months" before the instant offense occurred. PSI.

**{¶13}** As to the recidivism factors, the trial court also noted that Purvis "has prior adjudication of delinquency or criminal convictions * * *." Tr. 5. *See* R.C. 2929.12(D)(2). The trial court then found that Purvis "failed to respond favorably

-6-

to past sanctions imposed for criminal convictions * * *." Tr. 5. *See* R.C. 2929.12(D)(3).

**{¶14}** Further, while Purvis verbally stated that he was remorseful, the trial court found that Purvis had "no actual remorse" because he was continuing to contact the minor who was the victim of this offense. Tr. 6. *See* R.C. 2929.12(D)(5). At the sentencing hearing, the following exchange occurred:

> **[Purvis]: I—I just want to say I know I did mess up by trying to contact her [K.C.] and everything.**
>
> **\* \* \***
>
> **[Trial court]: Let's just be clear. You're acknowledging this is you emailing the victim in the case repeatedly. These white pages that I've referred to that are twice as thick as the rest of the PSI. It's just numerous emails between you and this child.**
>
> **\* \* \***
>
> **I'll also indicate that the—that, in my view, while his words may express remorse, the fact that he continues to contact this minor child that he had sexual misconduct with is a clear indication to me that there is no actual remorse because it did not—if he was sorry, his behavior would have changed and he would realize that he should stay away from this child altogether.**

Tr. 6. The trial court stated that the "content of the emails" Purvis sent to the victim "mak[e] it clear that he intends to continue a relationship with her, despite her still minor status." Tr. 6. For this reason, the trial court determined that the only way to protect the public was to keep Purvis away from the victim by incarcerating him. Tr. 6. *See* R.C. 2929.12(E)(4), (5); R.C. 2929.11(A). The trial court stated that:

**I am gonna impose a prison sentence in this case. It will be the maximum prison sentence because that's how long I can keep him away from this child.**

**\* \* \***

**And that's all this Court can do to keep him away from her because he has made it clear through his conduct, not just in this—the allegations of this case, but during his time in my jail that he is not going to do that on his own.**

Tr. 5-6. After reviewing the evidence in the record, Purvis has not carried the burden of establishing that his sentence is clearly and convincingly contrary to law nor has he shown by clear and convincing evidence that his sentence is unsupported by the record. Having reviewed the evidence in the record, we find no indication that the trial court erred by imposing this sentence. His sole assignment of error is overruled.

*Conclusion*

{¶15} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**