[Cite as *State v. McPheron*, 2022-Ohio-2186.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 2-22-01

      v.

SARAH ANN MCPHERON,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2021 CR 0098

Judgment Affirmed

Date of Decision: June 27, 2022

APPEARANCES:

    *Nicholas A. Catania* for Appellant

    *Edwin A. Pierce* for Appellee

Case No. 2-22-01

**SHAW, J.**

{¶1} Defendant-Appellant, Sarah McPheron ("McPheron"), brings this appeal from the December 22, 2021 journal entry—orders on sentence of the Auglaize County Common Pleas Court sentencing her to a prison term of thirty-six months after McPheron pleaded guilty to, and was convicted of, having weapon under disability, a third degree felony, plus an additional one thousand one hundred and nineteen days for a post release control violation on a prior manslaughter charge.

*Relevant Facts and Procedural History*

{¶2} On May 6, 2021, McPheron was indicted on two counts of having weapon under disability, third-degree felonies. Count One identified the alleged disability as McPheron's conviction of a felony offense of violence, in violation of R.C. 2923.13(A)(2), and the disability alleged in Count Two was a conviction of a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, in violation of (A)(3). After initially entering a not guilty plea to both counts, McPheron appeared in court with defense counsel on December 8, 2021 and entered a plea of guilty to Count One pursuant to plea negotiations, while Count Two would be dismissed. Part of the plea agreement was that the State agreed to recommend community control and that McPheron successfully complete the W.O.R.T.H. Center program. Further, pursuant to the

plea agreement, McPheron acknowledged her understanding of the time remaining upon a post-release control violation in Case No. 2015-CR-0128. The trial court accepted McPheron's plea, found her guilty, and continued sentencing so that an updated presentence investigation could be prepared.

{¶3} A sentencing hearing was held on December 22, 2021. Pursuant to the plea agreement, the State recommended that McPheron be sentenced to community control and ordered to complete the W.O.R.T.H. program, and defense counsel asked that the trial court follow this recommendation. Then, McPheron read a letter she had written for the trial court and defense counsel introduced McPheron's institution report of completion of a brief intervention program and her attendance at "NA" meetings as Exhibit A.

{¶4} After stating that it had considered both the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12, the trial court sentenced McPheron by terminating her post-release control and imposing one thousand one hundred and nineteen days of violation time on a prior manslaughter conviction, consecutive to thirty-six months imprisonment for having weapon under disability. The trial court advised McPheron that she could be subject to up to two years of post-release control upon her release from prison. The sentence was memorialized in a journal entry—orders on sentence filed

Case No. 2-22-01

December 22, 2021. It is from this judgment that McPheron appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court's sentence of the defendant-appellant to a sentence totaling (36) months, being the maximum definite prison term allowed for the single offense in question, constituted a clear and convincing violation of the law in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

**{¶5}** In her sole assignment of error, McPheron asserts that the trial court failed to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12 in imposing the maximum prison term of thirty-six months on the weapon under disability offense. More specifically, McPheron argues that the facts of the case in the record show a significantly lesser sentence is warranted by the sentencing factors and therefore, the maximum sentence imposed is contrary to law.[1]

*Law and Analysis*

**{¶6}** "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective

---

[1] No appeal was taken on the one thousand one hundred and nineteen days additional and consecutive regarding the termination of post-release control on McPheron's prior offense of manslaughter.

-4-

rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.* "A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶7} "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. "The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism." *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 137, citing R.C. 2929.12. Nevertheless, neither R.C. 2929.11 nor 2929.12 requires a sentencing court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20.

{¶8} On appeal, we review a challenge to a felony sentence under R.C. 2953.08(G)(2). *State v. Wilson*, 3d Dist. Allen No. 1-20-46, 2022-Ohio-504, ¶ 144. However, under *Jones*, an appellate court may not "independently weigh the evidence in the record and substitute its judgment for that of the trial court

concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12," nor may it "modify or vacate a sentence based on its view that the sentence is not supported by the record under [those statutes]." *Jones* at ¶ 39, 42; *see also State v. Toles*, --- Ohio St.3d ---, 2021-Ohio-3531, ¶ 1 (affirming sentencing judgment based on the authority of *Jones*). Rather, "R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that the sentence is 'otherwise contrary to law.' " *Jones* at ¶ 32.

{¶9} Here, the record demonstrates that the trial court expressly stated both on the record at the sentencing hearing and in its journal entry that it had considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Dec. 22, 2021 Sentencing Tr. at 13; Dec. 22, 2021 Journal Entry-Orders on Sentence at 1). Further, at the sentencing hearing, the trial court provided a detailed explanation for its sentencing decision. Specifically, the trial court asserted: "The Defendant helped her former boyfriend commit an aggravated murder," "[s]he was involved in a relationship with that guy [Aaron]," and "[s]he was involved with [Donnie] before she went to prison for the manslaughter charge." (Dec. 22, 2021 Sentencing Tr. at 11). The trial court pointed out that "[s]he got out and within a few weeks, after her release, hooked up again with Donnie [], whom she knew to be a drug user." *Id.* The trial court further asserted: "It wasn't until her second Community Control Sanction violation where

she was, -- knowing she was being caught for her use of cocaine that she then suddenly, -- oh, and after * * * one (1) of the guys involved had stabbed one of the other co-conspirators[.]" *Id.* at 12. Finally, the trial court noted:

> This is not just about drug addiction. There certainly are codependency issues, but the Defendant hooks up with extremely violent and dangerous people, who get her to do things, as in this case, take this guy's weapons. And we're talking rifles, we're talking about scopes. The rifle was reported stolen out of Spaulding County, Georgia. The Defendant presents an extreme risk to the community. Her ORAS score is a 31. * * * [Donnie] is scheduled to get out of prison in January of '22. [Defendant] reported that her drug use has always began with Donnie because "that's what we do."

*Id.* at 12-13.

{¶10} The statements made by the trial court clearly indicate that the trial court considered R.C. 2929.11 and 2929.12 before it imposed McPheron's maximum sentence in this case. Further, McPheron has not demonstrated that her sentence is clearly and convincingly contrary to law. *See Wilson* at ¶ 146 (recognizing that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 in addition to the relevant statutory factors listed in R.C. 2929.12). For this reason, the assignment of error is overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**