[Cite as *State v. Close*, 2018-Ohio-2244.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KEITH A. CLOSE,

    DEFENDANT-APPELLANT.

CASE NO. 8-17-45

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-03-0094

**Judgment Affirmed**

Date of Decision:  June 11, 2018

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Alice Robinson-Bond* for Appellee

**WILLAMOWKSI, P.J.**

{¶1} Defendant-appellant Keith A. Close ("Close") brings this appeal from the Judgment of the Court of Common Pleas of Logan County for sentencing him to prison for his conviction for trafficking in cocaine. Close challenges the forfeiture specification and the failure to impose the joint sentencing recommendation. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 11, 2017, the Logan County Grand Jury indicted Close on four counts: 1) Trafficking in Cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(g), a felony of the first degree; 2) Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(f), a felony of the first degree; 3) Trafficking in Marijuana in violation of R.C. 2925.03(A)(2), (C)(3)(c), a felony of the fourth degree; and 4) Possession of Marijuana in violation of R.C. 2925.11(A), (C)(3)(c), a felony of the fifth degree. Doc. 7. Each count included a specification for forfeiture of money and counts one and two included a major drug offender specification. *Id.* Close was arraigned on April 14 and entered pleas of not guilty to all counts. Doc. 12.

{¶3} On August 30, 2017, a change of plea hearing was held. Doc. 32. The State moved that the indictment be amended making Count One a violation of R.C. 2925.03(A)(2), (C)(4)(e), a felony of the second degree. *Id.* Pursuant to a plea agreement, Close agreed to enter a guilty plea to the amended Count One and a specification for forfeiture in money. *Id.* at Ex. A. In return the State agreed to dismiss the remaining counts at sentencing and to jointly recommend a sentence of

five years. *Id.* After discussing the matter with the defendant, the trial court accepted the guilty plea and set a date for sentencing. *Id.* The sentencing hearing was held on October 2, 2017. Doc. 34. At the hearing, the trial court sentenced Close to six years in prison and ordered him to pay a mandatory fine. *Id.* No mention of the forfeiture was made.[1] The remaining charges were dismissed upon the application of the State. *Id.* Close appealed from this judgment on October 31, 2017. On appeal, Close raises the following assignments of error.

**First Assignment of Error**

**The trial court committed reversible error by not including the forfeiture specification in the judgment entry.**

**Second Assignment of Error**

**The record in this matter does not support more than the joint sentencing recommendation presented to the court.**

{¶4} In the first assignment of error, Close claims that the trial court erred by not including the forfeiture specification in the sentencing judgment entry. The Supreme Court of Ohio has held that judgments of forfeiture need not be included in the criminal sentencing judgment entry. *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. A judgment of conviction complies with Criminal Rule 32(C) when it sets forth four essential elements: 1) the fact of conviction; 2) the sentence; 3) the signature of the judge; and 4) entry on the journal

---

[1] The order of forfeiture was in the judgment entry accepting the change of plea. Doc. 32.

by the clerk of courts. *Id.* The Court determined that an order of forfeiture does not need to be included in the entry to satisfy Criminal Rule 32(C). *Id.* at ¶ 24. This determination was based on the finding that an order of forfeiture is not a conviction. *Id.* at ¶ 25. The Court also stated that an order of forfeiture is not a sentence as it is not a penalty imposed as a punishment for the offense. *Id.* at ¶ 28. Thus, the trial court determined that since forfeiture requires judicial action and consideration extending beyond a criminal case, it is not a part of the sentence. *Id.* at ¶ 32-33. Since the order of forfeiture was not part of the sentence, the trial court did not err by not including it in the sentencing order. The first assignment of error is overruled.

{¶5} In the second assignment of error, Close claims that the trial court's sentence was against the manifest weight of the evidence. This court has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 21. The trial court is not required to make any specific findings to demonstrate the consideration of those statutory sentencing factors set forth in R.C. 2929.11 and 2929.12. *Id*.

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to**

> **consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*Id*. at ¶ 22.

{¶6} In this case, Close entered a guilty plea to trafficking in cocaine, a felony of the second degree. "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). The trial court imposed a prison term of six years. Thus, it was within the statutory range. The trial court stated at the hearing that it had reviewed the presentence investigation report and had considered the purposes of sentencing. Oct. 2 Tr. 16-17. The trial court indicated that it had considered the consistency of the sentence and whether it was proportional to the harm caused. *Id*. at 17. The trial court also discussed the seriousness of the offense and the likelihood of recidivism. *Id*. at 18-19. Based upon its consideration of the statutory factors, the trial court imposed a six-year prison term.

{¶7} Close argues that the evidence does not support imposing more than the agreed sentence. However, although there was a jointly recommended sentence of five years in prison, Close was informed prior to entering his plea that the trial court was not bound by that recommendation. At the change of plea hearing, the following dialogue between the trial court and Close occurred.

**The Court:** As part of the discussion, there is a joint recommendation of five years ODRC, a forfeiture of the money, and that you would testify honestly against Dustin Dye. I want you to understand that while there's been that recommendation for sentencing, the Court is not bound to accept that recommendation. Do you understand that?

**The Defendant:** Yes.

**The Court:** The – knowing that the Court is not obligated to follow that plea recommendation or sentencing recommendation, do you still wish to proceed?

**The Defendant:** Yes.

Aug. 30 Tr. 7-8. The trial court specified what the range of prison terms could be. *Id*. at 11. A review of the presentence investigation report showed that none of the more or less serious factors set forth in R.C. 2929.12 were applicable, but that some of the recidivism factors did apply. The trial court indicated that it was imposing the sentence it chose to deter future criminal activity and to adequately punish the offender. These considerations are permitted pursuant to R.C. 2929.11. Since the trial court imposed a sentence within the statutory range and considered all of the statutory guidelines, the sentence is not contrary to law and is not against the manifest weight of the evidence. The second assignment of error is overruled.

{¶8} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**