[Cite as *State v. Gamache*, 2018-Ohio-4170.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 1-18-26

    v.

AVERI GAMACHE,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2017 0291

**Judgment Affirmed**

Date of Decision:  October 15, 2018

APPEARANCES:

    *Joseph C. Patituce and Catherine Meehan* **for Appellant**

    *Jana E. Emerick* **for Appellee**

Case No. 1-18-26

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Averi Gamache ("Gamache") appeals the judgment of the Allen County Court of Common Pleas, alleging the trial court erred in sentencing her to an aggregate ten-year prison sentence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 13, 2017, Gamache was indicted with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1); one count of aggravated possession of drugs in violation of R.C. 2925.11(C)(1)(c); one count of possession of heroin in violation of R.C. 2925.11(A); and three counts of aggravated possession of drugs in violation of R.C. 2925.11(A). Doc. 4. The crime of aggravated trafficking was alleged to have been committed on March 22, 2017. Doc. 1. The other four crimes were alleged to have been committed on March 27, 2017. Doc. 1. On February 9, 2018, Gamache pled guilty to one count of aggravated trafficking in drugs and one count of aggravated possession of drugs. Doc. 40. The remaining three counts listed in the indictment were dismissed. Doc. 40.

{¶3} On April 26, 2018, Gamache appeared for sentencing. Tr. 1. During the sentencing hearing, the trial court considered the content of a presentence investigation. Tr. 20. The trial court then sentenced Gamache to eight years in prison for the count of aggravated trafficking in drugs and two years in prison for the count of aggravated possession of drugs. Doc. 56. The trial court ordered that these sentences be served consecutively. Tr. 21.

*Assignment of Error*

{¶4} Appellant filed her notice of appeal on May 10, 2018. Doc. 59. On appeal, appellant raises the following assignment of error:

> **The trial court erred in sentencing defendant to a ten-year term of incarceration.**

On appeal, Gamache argues that the record does not support the trial court's findings regarding the seriousness and recidivism factors. Gamache also takes issue with a statement made by the trial court during sentencing, which reads as follows:

> **I take into consideration everything in the P.S.I. with regard to the prior record, which has been argued, no prison sentence before, but prior felony, prior attempts—I think even more so important, and I know things that are charged, or things that are pending aren't necessarily convictions, but I mean, just this—you were just out of control here in the last—seems like in the last year or so.**

> **Now I don't know what's gonna happen in those counties, but just the fact that they're there and not counting them as convictions necessarily, because I don't know what the disposition is on all those, but just—just to be in those situations, you're [life] was out of control.**

Tr. 20. Pointing to this statement, Gamache argues that the trial court impermissibly considered unadjudicated conduct in determining her sentence.

*Legal Standard*

**{¶5}** Under R.C. 2953.08(G)(2), appellate courts may vacate, increase, reduce, or modify a sentence if it "clearly and convincingly finds" (1) that the record does not support the findings made by the trial court under R.C. 2929.13, R.C. 2929.14, or R.C. 2929.20; or (2) that the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus (1954).

**{¶6}** "[T]rial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors." *State v. Close*, 3d Dist. Logan No. 8-17-45, 2018-Ohio-2244, ¶ 5.

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*Id.*, quoting *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 21.

{¶7} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to '[s]tate on the record that it considered the statutory criteria or discuss[ed] them.'" *State v. Witt,* 3d Dist. Auglaize No. 2-17-09, 2017-Ohio-7441, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15, 12-16-16, 2017-Ohio-2920, ¶ 12, quoting *Maggette, supra*, at ¶ 32.

*Legal Analysis*

{¶8} In this case, Gamache pled guilty to two charges: aggravated trafficking and aggravated possession. The prison sentences imposed for both of these crimes were within the statutorily prescribed range. R.C. 2929.14(A); R.C.

2925.03(C)(1)(d); R.C. 2925.11(C)(1)(c). The transcript of the sentencing hearing shows that the trial court considered the content of the presentence investigation and evaluated the facts of this case using the seriousness and recidivism factors listed in R.C. 2929.12. Tr. 16-19. Regarding the seriousness factors, the trial court found that Gamache "committed the offenses as part of an organized criminal activity." Tr. 16. The trial court also found that Gamache did not "expect to cause physical harm to persons or property." Tr. 17.

{¶9} After the analysis of the seriousness factors, the trial court concluded that

> **the serious factors and less serious factors pretty—kind of balance each other out. Needless to say though, the recidivism factors are what weigh heavily in the Court's consideration of the sentencing of this case.**

Tr. 18. The trial court then turned to the recidivism factors. Tr. 18. The trial court gave "a lot of weight" to Gamache's prior criminal history; noted that she committed these offenses while on community control; and considered the fact that Gamache used drugs in violation of the conditions of her bond. Tr. 18. The trial court also noted that Gamache did not have a juvenile record and found that Gamache exhibited a genuine remorse. Tr. 18. The trial court then sentenced Gamache to an eight-year sentence and a two-year sentence that were to be served consecutively. Tr. 21. The trial court stated that a prison term was consistent with the principles of sentencing and that this sentence was commensurate with the seriousness of her

conduct. Tr. 19. In making these findings, the trial court cited specific facts in the record. Tr. 16-20. Since the trial court imposed a sentence within the statutory range and considered the facts in the record under the factors listed in R.C. 2929.12, we find that Gamache has not carried the burden of clearly and convincingly demonstrating that her sentence is contrary to law or unsupported by the record.

{¶10} Further, we find that the trial court did not act improperly in referencing the proceedings pending against Gamache in other jurisdictions that were listed in the presentence investigation. "[A] mere reference to a defendant's unadjudicated conduct by the trial court, without an imposition of sentence on the basis of that conduct, does not give rise to an error." *State v. Montgomery*, 3d Dist. Crawford Nos. 3-08-10, 3-08-11, 2008-Ohio-6182, ¶ 13. In this case, the record shows that the trial court had a number of reasons that were, in themselves, a sufficient basis on which to impose this sentence. *See State v. Park*, 3d Dist. Crawford No. 3-06-14, 2007-Ohio-1084, ¶ 7-8. The transcript of the sentencing hearing also does not indicate that the trial court based its decision on these other criminal proceedings. Rather, the trial court merely referenced these proceedings in the context of discussing her drug addiction, noting that her life appeared to be "out of control." Tr. 20. For these reasons, appellant's sole assignment of error is overruled.

*Conclusion*

**{¶11}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**