[Cite as *State v. Watkins*, 2018-Ohio-4921.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASES NO. 8-18-21

      v.

MARK E. WATKINS,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-10-0334

**Judgment Affirmed**

Date of Decision:   December 10, 2018

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Mark Watkins ("Watkins"), brings this appeal from the April 4, 2018, judgment of the Logan County Common Pleas Court sentencing him to 30 months in prison after Watkins was convicted of Attempted Felonious Assault in violation of R.C. 2923.02 and R.C.2903.11(A)(1), a felony of the third degree. On appeal, Watkins argues that the trial court erred by using his juvenile record to "create bias in the sentencing process" and that the record did not support a prison term of 30 months.

*Procedural History*

{¶2} On October 10, 2017, Watkins was indicted for Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Watkins originally pled not guilty to the charge.

{¶3} On February 21, 2018, Watkins entered into a written, negotiated plea agreement wherein he agreed to plead guilty to the amended charge of Attempted Felonious Assault in violation of R.C. 2923.02 and R.C. 2903.11(A)(1), a felony of the third degree, and in exchange the State agreed to stand silent at sentencing. A change-of-plea hearing was held, wherein Watkins signed the plea agreement in open court. The trial court conducted a Criminal Rule 11 colloquy with Watkins, ultimately determining that Watkins was entering his plea knowingly, intelligently,

and voluntarily. Afterward, the trial court accepted Watkins' plea and found him guilty, setting sentencing for a later date.

{¶4} Notably, at the change-of-plea hearing, the victim was given a chance to speak, and the victim objected to any reduction of charges. The victim indicated he did not know Watkins, that he had never spoken to him, and that Watkins walked up behind him outside of a bar and knocked him down unprovoked. The victim indicated that his head hit a curb and that Watkins kicked him multiple times while he was on the ground, knocking him unconscious. The victim stated that he had no clue why it happened, that he had swelling on his brain and seizures as a result of the incident. The victim indicated he missed two months of work because of the attack.

{¶5} On April 3, 2018, the matter proceeded to sentencing. At the sentencing hearing, defense counsel spoke in mitigation of sentence, requesting community control with a local jail sentence. The State stood silent and did not make a recommendation. The trial court then reviewed Watkins' pre-sentence investigation, including his prior convictions. The trial court noted that Watkins had multiple prior misdemeanor assaults, that he had been adjudicated delinquent as a child, and that only days prior to the incident in this case, Watkins had been charged with violating a protection order. After considering the principles and purposes of sentencing, the

trial court sentenced Watkins to 30 months in prison. A judgment entry memorializing his sentence was filed April 4, 2018.

{¶6} It is from this judgment that Watkins appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred by using the defendant-appellant's juvenile record to create bias in the sentencing process.**

**Assignment of Error No. 2**
**The record in this matter does not support the stated prison sentence of thirty months.**

*First Assignment of Error*

{¶7} In Watkins' first assignment of error, he argues that the trial court erred by "using [his] juvenile record to create bias in the sentencing process." Specifically, he contends that the trial court used Watkins' juvenile record to "lengthen" his sentence.

Standard of Review

{¶8} Appellate review of issues related to felony sentencing is governed by R.C. 2953.08(G)(2), which reads as follows:

> **(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for**

-4-

**resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**

**(a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b)   That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2).   Thus, "an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.' " *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

**Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, at paragraph three of the syllabus (1954).

Argument and Analysis

**{¶9}** At the outset, we note that the State argues that we should not entertain Watkins' appeal *at all* because his written plea agreement contained a statement that

he was agreeing to waive his right to appeal any judgment to the court of appeals. Each page of the written plea agreement was initialed by Watkins and the document was signed. The State cites *State v. Horton*, 10th Dist. Franklin No. 17AP-266, 2017-Ohio-8549, ¶ 15, for the proposition that based on the written plea agreement Watkins actually unequivocally waived his right to appeal in this case. *Horton* does have one significant difference from the case before us, which would potentially prevent it from being directly analogous. In *Horton*, it was also noted *at the plea hearing* that the defendant was giving up his right to appeal. Here, the trial court only indicated at the plea hearing that Watkins' right to appeal would be severely limited. It was not restated at the plea hearing that Watkins had waived his right to appeal without qualification. While we could use *Horton* as persuasive authority in this case to potentially overrule Watkins' assignments of error without addressing them, *Horton* still proceeded to address the merits of the arguments in the interest of justice, and we will do the same.

{¶10} In his first assignment of error, Watkins argues that the trial court improperly noted at sentencing that, "We have a prior adjudication of delinquency or history of criminal convictions. That's there." (Tr. at 26). Watkins contends that the Supreme Court of Ohio made it impermissible for a trial court to use a juvenile adjudication as a prior conviction that enhances either the degree of, or the sentence for, a subsequent offense committed as an adult. *State v. Hand*, 149 Ohio

St.3d 94, 2016-Ohio-5504, at syllabus; *but see State v. Carnes*, --- Ohio St.3d ---, 2018-Ohio-3256 (finding that a delinquency adjudication can still be used as an *element of the offense* for weapons-under-disability under R.C. 2923.13(A)(2)).

**{¶11}** Contrary to Watkins' arguments, no juvenile adjudication was used here to enhance the *degree* of the charge, or to change a non-mandatory prison term to a *mandatory* prison term as was done in *Hand*. In fact, this case does not involve R.C. 2901.08(A) at all, which the Supreme Court of Ohio found unconstitutional in *Hand* as it related to juveniles. Watkins thus attempts to misapply *Hand* to the situation before us, where it is clearly inapplicable. "*Hand* does not bar trial courts from considering an offender's juvenile record in crafting an appropriate sentence. In fact, the serious and recidivism factors set forth in R.C. 2929.12 require trial courts to consider an offender's juvenile adjudications." *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-1963, ¶ 25; *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230, ¶ 35.

**{¶12}** As the *Walton* and *Ward* courts stated, a trial court is actually *directed* to consider whether an offender was previously adjudicated a delinquent child when sentencing a criminal defendant under R.C. 2929.12(D)(2), which reads as follows.

> **(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:**
>
> * * *

**(2)    The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.**

{¶13} Here, the trial court summarized Watkins' history of criminal convictions and juvenile adjudications, and the trial court noted that Watkins had been adjudicated delinquent previously.  This is compliant with the sentencing statutes.

{¶14} For these reasons we cannot find that Watkins has demonstrated by clear and convincing evidence that his sentence was unlawful or that the trial court unlawfully relied upon the fact that he had been adjudicated a delinquent child. Therefore, his first assignment of error is overruled.

*Second Assignment of Error*

{¶15} In Watkins' second assignment of error he argues that the record in this case did not support his 30-month prison sentence.  Specifically, he contends that his ORAS score was low, that the State's proof of "serious physical harm" was questionable, that the trial court improperly relied on Watkins' juvenile record and that the trial court improperly weighted the victim's dissatisfaction with the plea deal.

Relevant Authority

**{¶16}** "This [C]ourt has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors." *State v. Close*, 3d Dist. Logan No. 8-17-45, 2018-Ohio-2244, ¶ 5, citing *State v. Alselami*, 3d Dist. Hancock No. 5–11–31, 2012–Ohio–987, ¶ 21. The trial court is not required to make any specific findings to demonstrate the consideration of those statutory sentencing factors set forth in R.C. 2929.11 and 2929.12. *Id.*

**{¶17}** Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).

Argument and Analysis

**{¶18}** In this case, Watkins pled guilty to Attempted Felonious Assault, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), the penalty for a third

degree felony such as the one in this case is nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. Here, the trial court sentenced Watkins to a 30-month prison term, which was within the statutory range.

{¶19} In fashioning its sentence, the trial court indicated that it had considered the requisite sentencing statutes, including the seriousness and recidivism factors. The trial court also considered the PSI, which detailed multiple prior assault convictions and prior delinquency adjudications. The trial court also considered the impact on the victim, who was unable to work for eight weeks as a result of the incident, and who suffered serious physical, psychological, and economic harm as a result of the unprovoked attack by Watkins. The trial court was concerned with the fact that Watkins did not know the victim and appeared entirely without motive. In addition, the trial court was concerned with the fact that this happened just days after Watkins had been charged with violating a protection order.

{¶20} The trial court clearly made findings to support its sentence even though it was not required to do so. All of these findings are supported by the record and the sentence is well within the statutory range. Therefore, Watkins second assignment of error is not well-taken, and it is overruled.[1]

---

[1] In portions of Watkins' brief, he seems to challenge the State's ability to actually prove that he caused the victim serious physical harm, though he did not set this out as an assignment of error. First, he pled guilty to *attempting* to cause the victim serious physical harm. Second, by pleading guilty he made a complete admission of guilt, and forfeited his right to challenge the quality of the evidence. *See, e.g. State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohi-1796, ¶ 8. So to whatever extent he does raise this challenge, it is not well-taken.

*Conclusion*

**{¶21}** For the foregoing reasons Watkins' assignments of error are overruled and the judgment of the Logan County Common Pleas Court is affirmed.

**Judgment Affirmed**

**WILLAMOWSKI, P.J. concurs.**

**/jlr**

**ZIMMERMAN, J., concurring separately.**

**{¶22}** I fully agree with the majority's opinion, but write separately to reinforce the responsibility of juvenile courts to seal *and* expunge certain juvenile adjudications once an offender reaches age 23.

**{¶23}** In this case, the Appellant's juvenile court adjudication for assault (at age 8!), for unruly (at age 13), and for assault and criminal mischief (at age 15) should never have been part of the trial court's pre-sentence investigation. Here, the Appellant was older than 23 at the time of his conviction. Thus, his juvenile court adjudications should have been expunged *by the juvenile court* pursuant to R.C. 2151.358(A). Had such been done here, the records request (by the pre-sentence investigator) to the juvenile court should have revealed that the Appellant had no record pursuant to R.C. 2151.358(F).

**{¶24}** Unfortunately, when juvenile courts fail to fulfill the responsibility to seal *and* expunge certain juvenile court records, unnecessary difficulties result.

**{¶25}** I write separately to remind juvenile court judges of their legal obligation to follow the sealing and expungement duties under R.C. 2151.356 and R.C. 2151.358.