[Cite as *State v. Oakley*, 2019-Ohio-2487.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  8-19-06

      v.

TYLER L. OAKLEY,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 09 0267

**Judgment Affirmed**

Date of Decision:   June 24, 2019

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *David A. Walsh, Jr.* **for Appellee**

**SHAW, J.**

**{¶1}** Defendant-appellant, Tyler L. Oakley ("Oakley"), brings this appeal from the January 23, 2019, judgment of the Logan County Common Pleas Court sentencing Oakley to a six-year prison term after he pled guilty to, and was convicted of, Complicity to Robbery in violation of R.C. 2923.03(A)(1) and R.C. 2911.02(A)(2), a felony of the second degree. On appeal Oakley argues that the trial court erred by sentencing him to a greater prison term than the prison term that had been jointly recommended by the parties.

*Procedural History*

**{¶2}** On September 11, 2018, Oakley was indicted for Aggravated Robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. It was alleged that on June 27, 2018, an individual was leaving Woody's Diner at Indian Lake with the proceeds of the day's sales. The individual was approached by a man wearing a mask, wielding a baseball bat. A confrontation ensued and money was taken from the diner employee. A subsequent investigation determined that three individuals were involved, Oakley being one of them. Oakley was a "getaway driver" for the operation, and may have participated in the planning. Oakley originally pled not guilty to the charge against him.

**{¶3}** On December 7, 2018, Oakley entered into a written negotiated plea agreement wherein he agreed to plead guilty to the amended charge of Complicity

to Robbery in violation of R.C. 2923.03(A)(1) and R.C. 2911.02(A)(2), a felony of the second degree. In exchange for his plea the State agreed to dismiss the more serious charge, and the parties agreed to jointly recommend a four-year prison term. Notably, the written plea agreement contained a provision that stated as follows.

> **13. I know that the sentence I will receive is solely a matter within the control of the Judge. I understand that if the State has agreed to a sentencing recommendation, the Court is not bound to accept the recommendation. I understand that if there is a jointly recommended (agreed) sentence, I may not appeal a jointly recommend sentence that is authorized by law.**

{¶4} On December 7, 2018, the trial court held a change-of-plea hearing. At the plea hearing, the agreement between the parties was recited to the trial court, and the trial court engaged in a Crim.R. 11 colloquy with Oakley. As part of the colloquy, the trial court specifically stated that "Even if there is an agreed sentence, it doesn't mean the Court is bound to follow it." (Dec. 7, 2018, Tr. at 9). The defendant indicated he understood. The trial court continued by stating, "I frequently do not follow them. In fact, it's rare I follow them. I usually make my own determination * * * Understanding that the Court is not bound by that agreed sentence, are you still willing to go forward?" (*Id.* at 9-10). Oakley responded affirmatively.

{¶5} The trial court continued to inform Oakley of all the rights Oakley was waiving by entering his guilty plea, and Oakley then elected to enter a guilty plea pursuant to the agreement that had been made. The trial court accepted Oakley's

plea, finding that it was knowing, intelligent, and voluntary. Oakley was found guilty, and the trial court set the matter for sentencing at a later date.

{¶6} On January 22, 2019, the matter proceeded to sentencing. Oakley gave a statement expressing remorse for his actions, and the State indicated that it was standing by the four-year prison term from the joint sentencing recommendation. The trial court then reviewed Oakley's history of involvement with the legal system both as a juvenile and as an adult, concluding that for Oakley's age—23—his record was "epic." (Jan. 22, 2019, Tr. at 14). After reviewing the principles and purposes of sentencing, and being particularly concerned with the protection of the public, the trial court determined that a six-year prison term was appropriate in this matter.

{¶7} A judgment entry memorializing Oakley's sentence was filed January 23, 2019. It is from this judgment that Oakley appeals asserting the following assignment of error for our review.

**Assignment of Error**
**The record in this matter does not support more than the joint sentencing recommendation presented to the court.**

{¶8} In his assignment of error, Oakley argues that the trial court erred by deviating from the joint sentencing recommendation that the parties presented. Specifically, he contends that the record in this matter does not support more than the jointly recommended sentence.

Case No. 8-19-06

Standard of Review

{¶9} Appellate review of felony sentencing is governed by R.C. 2953.08(G)(2), which reads as follows:

> **The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b)  That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2).  Thus, "an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.' " *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a**

**reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 3d Dist. Hancock No. 5-17-09, 2017-Ohio-8937, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, at paragraph three of the syllabus (1954).

Relevant Authority

**{¶10}** "This [C]ourt has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors." *State v. Close*, 3d Dist. Logan No. 8-17-45, 2018-Ohio-2244, ¶ 5, citing *State v. Alselami*, 3d Dist. Hancock No. 5–11–31, 2012–Ohio–987, ¶ 21. The trial court is not required to make any specific findings to demonstrate the consideration of those statutory sentencing factors set forth in R.C. 2929.11 and 2929.12. *Id.*

**{¶11}** Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other

factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).

**{¶12}** Moreover, trial courts are not bound by a jointly recommended sentence. *State v. Lyttle*, 3d Dist. Auglaize No. 2-12-22, 2013-Ohio-2608, ¶ 24, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. In fact, " '[a] trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *Lyttle* at ¶ 24, quoting *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 6; *State v. Spencer*, 3d Dist. No. 6-12-15, 6-12-16, 2013-Ohio-137, ¶ 10.

Argument and Analysis

**{¶13}** In this case, Oakley entered into a plea agreement wherein he pled guilty to a second degree felony and the parties would jointly recommended a four-year prison term. Oakley was notified at his plea hearing that the penalty for a second degree felony was two, three, four, five, six, seven, or eight years in prison, with a presumption in favor of a prison term. *See* R.C. 2929.14(A)(2)(b). At the plea hearing, Oakley was also specifically notified by the trial court that it was not bound to follow the recommendation of the parties. In fact, the trial court went so far as to state that it "frequently" did not follow the recommendation of the parties,

making its own determination regarding sentencing. Oakley still elected to enter his plea even with this knowledge, and the trial court sentenced him to a six-year prison term, which was within the appropriate statutory range for a second degree felony. R.C. 2929.14(A)(2)(b).

{¶14} Case authority makes it clear that a trial court is not bound by a joint sentencing recommendation, particularly where the trial court informs a defendant as much. This was explicitly done here, thus we can find no error with the trial court's deviation from the jointly recommended sentence. Nevertheless, Oakley still maintains that the record does not support his six-year prison term.

{¶15} In fashioning its sentence in this matter, the trial court noted Oakley's prior juvenile and adult record. After going through Oakley's extensive involvement with the legal system as a juvenile, the trial court indicated that "four months into adulthood" Oakley was found guilty of unauthorized use of a motor vehicle in municipal court, and that within three months of that incident Oakley had three counts of complicity to grand theft of a motor vehicle, all felonies of the fourth degree, and two counts of grand theft, both felonies of the third degree. For Oakley's felony crimes he was sentenced to fifty-four months in prison. He was subsequently granted judicial release from that prison term, but he violated his judicial release by committing another theft offense. Oakley's remaining prison

term was imposed, and shortly after he was released, he was charged with the offense in this case.

{¶16} The trial court reviewed the principles and purposes of sentencing, finding that rehabilitation had not been effective in the past for Oakley, and that a fifty-four month prison term had not been a deterrent to Oakley. The trial court stated it was chiefly concerned with protecting the community, stating,

> **I was not unmindful of the State's recommendation of four years, but I would point out to the State that Mr. Oakley has already been sentenced to 54 months in the past for crimes that are less violent that this. It didn't work and it didn't protect the public. It didn't deter him. It didn't alter the course of his behavior, so I believe that this sentence is appropriate. I am not willing to go along with the State's recommendation. I believe it to be insufficient to protect the public.**

(Jan. 22, 2019, Tr. at 17).

{¶17} Based on the trial court's careful consideration of the sentencing factors, we cannot find that the trial court's sentence in this matter, which was less than a maximum prison term, was clearly and convincingly contrary to law. Therefore, Oakley's assignment of error is overruled.

*Conclusion*

{¶18} For the foregoing reasons Oakley's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**