[Cite as *State v. Butler*, 2023-Ohio-1716.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KEVIN A. BUTLER | : | Case No. CT2022-0079 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2022-0300

JUDGMENT: Affirmed

DATE OF JUDGMENT: May 22, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                              RICHARD D. HIXSON
Prosecuting Attorney                     3808 James Court, Suite 2
Muskingum County, Ohio                  Zanesville, Ohio 43701

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** Appellant Kevin A. Butler appeals his sentence, imposed by the trial court after he changed his plea to guilty pursuant to a plea agreement. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On July 7, 2022, the Muskingum County Grand Jury indicted the appellant on the following charges:

**{¶3}** (1) Two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification in violation of R.C. 2941.145, felonies of the first degree;

**{¶4}** (2) Two counts of aggravated burglary in violation of R.C. 2911.11(A)(1), with a firearm specification in violation of R.C. 2941.145, felonies of the first degree; and,

**{¶5}** (3) Two counts of aggravated assault in violation of R.C. 2903.11(A)(1) and (2), with a firearm specification, felonies of the second degree.

**{¶6}** Bond was set at $1,000.000.00. The appellant pleaded not guilty at his July 13, 2022 arraignment, and bond was continued.

**{¶7}** The appellant entered into a plea agreement with the appellee, and on September 14, 2022 withdrew his not guilty plea and entered a plea of guilty to count one, robbery, as amended, in violation of R.C. 2911.02(A)(2), a felony of the second degree; and, count six, felonious assault, as amended, in violation of R.C. 2903.11(A)(2), a felony of the second degree. The Plea of Guilty document set forth that the appellant understood that the maximum penalty for each offense was as follows: a stated minimum prison term of 2, 3, 4, 5, 6, 7, or 8 years; an indefinite term of up to 4 years; a possible maximum term of 12 years; a fine of $0.00 up to $15,000.00; no mandatory prison time; and, prison time

need not be consecutive.  The Plea of Guilty also set forth, inter alia, that "[p]rison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the Court."

**{¶8}** The appellant specifically acknowledged receipt of the "Notice of Non-Life Felony Indefinite Prison Term" document, and specifically acknowledged that post release control upon release from prison was 18 months to 3 years. Significantly, the Plea of Guilty stated:

> In consideration of the Defendant's plea of "guilty" to Counts One and Six, as amended, the parties agree to a joint recommendation that the Defendant be sentenced to five (5) years prison. The State agrees to dismiss Counts Two, Three, Four and Five of the indictment as well as the Firearm Specifications attached to Counts One and Six of the indictment at the time of sentencing.
>
> Such recommendation is conditioned upon Defendant's compliance with all bond conditions, and Defendant's compliance with all laws pending sentencing on this matter.
>
> **The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.**

(Underlining original, boldface added.)

**{¶9}** The Plea of Guilty was signed by the appellant and his counsel, as well as the prosecuting attorney.

**{¶10}** A Plea Hearing was conducted on September 14, 2022, at which the appellant's trial counsel stated that he "reviewed [the plea form] carefully" with the appellant, who signed it in the presence of counsel. The trial court addressed the appellant personally pursuant to Crim. R. 11(C)(2) prior to accepting his plea. The trial court's discussion with the appellant regarding his guilty plea included, but was not limited to, the following exchange:

THE COURT:          Thank you. Mr. Butler, you understand you are here today to plead guilty to two amended counts?

THE DEFENDANT: Yes, Your Honor.

THE COURT:          They're both charged as felonies of the second degree. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT:          Count 1 is a charge - - is a charge, as amended, of robbery, charged as a felony of the second degree, carries with it a maximum - - or a minimum stated prison term of 2 through 8 years in one-year increments. That's a non-life indefinite felony because it's a felony of the second degree. There's a maximum fine of $15,000.00.

If you go to prison in this matter, if you're sentenced to prison on this count, there will be a choice, the Court will decide between the 2 and 8 years in one-year increments what your prison sentence would be. Once the minimum sentence is imposed, then the maximum indefinite sentence is one and a half times the minimum. You understand that?

THE DEFENDANT: Yes, Your Honor

THE COURT:        So there's a possible maximum prison term of 12 years with regard to this count.

THE DEFENDANT: Yes, Your Honor.

\*          \*          \*

THE COURT:        With regard to Count 6, felonious assault, as amended, a felony of the second degree, again, it's the same sentencing parameters. The minimum is 2 to 8 years on one-year increments. The maximum then - - maximum indefinite sentence becomes 12 years subject to all of the provisions I just described. You understand - - but you can only be sentenced on the indefinite maximum on one of the two, the more serious of the two. They're both the same. You understand - -

THE DEFENDANT: Yes, Your Honor.

THE COURT:        You understand that?

THE DEFENDANT: Yes, Your Honor.

**{¶11}** The trial court summarized the parties' plea agreement as follows:

THE COURT:        You understand, Mr. Butler, that in exchange for your pleas of guilty, there's a joint recommendation that you be sentenced to five years in prison. The State would agree to dismiss Counts 2, 3, 4, and 5 of the indictment as well as the firearm specification attached to Counts 1 and 6. Is that your understanding?

THE DEFENDANT: Yes, Your Honor.

THE COURT:        Have you been promised anything else or threatened in any way in order for you to enter these pleas of guilty?

THE DEFENDANT: No, Your Honor.

**THE COURT:        You understand that is joint recommendation is not binding on this Court and, at sentencing, I do not have to follow it?**

**THE DEFENDANT: Yes, Your Honor.**

(Boldface original.)

**{¶12}** The trial court engaged in the requisite Crim. R. 11(C)(2) colloquy, and reviewed with the appellant all the rights he was giving up by pleading guilty pursuant to the negotiated plea agreement, which the appellant acknowledged. The trial court accepted the appellant's guilty plea.  The trial court ordered a presentence investigation, and thereafter scheduled the matter for sentencing.

**{¶13}**  The sentencing hearing was conducted on October 31, 2022. The trial court noted for the record that the indictment contained six counts, and the charges were reduced to two counts for purposes of the plea agreement. The appellant's trial counsel acknowledged the extensive contents of the presentence investigation, but submitted that the appellant's record was known during the plea negotiations, that the victim was the appellant's former drug dealer and therefore not "an innocent", and that the appellant maintained that he did not strike the victim in the head, but rather, the victim was struck by the other assailant. He argued that the joint recommendation of five years was fair, and urged the trial court to follow the recommendation.

**{¶14}**  The trial court, noting that the appellant had been released from prison in March of 2022 and committed the offenses in this case in June of 2022, summarized the appellant's presentence investigation as follows:

THE COURT:        In May of 2021, domestic violence. April of 2011, breaking and entering. That's Franklin County. March of 2010, Franklin County, failure to comply, receiving stolen property, unauthorized use of a motor vehicle. January of 2010, Franklin County, theft. Franklin County, December 2009, theft.

Franklin County, April, 2008, receiving stolen property. September, 2007, Franklin County, theft. November,2007, Franklin County, receiving stolen property. A separate case, November, 2007, first-degree misdemeanor theft, that was amended from a felony.

Then misdemeanors, there's June of 2022, domestic violence by threat and menacing out of Zanesville Municipal Court. April of this year, domestic violence by threat, Zanesville Municipal Court.

May of 2021, criminal damaging, unauthorized use of a motor vehicle. That one was dismissed. March of '20, Zanesville Municipal Court, unauthorized use of a motor vehicle. March of 2020, Zanesville Municipal Court, two counts of assault, criminal trespass. Zanesville Municipal Court, December of 2018, domestic violence.

Fairfield Municipal Court, July of 2017, theft. Franklin County, July of '17, theft, criminal mischief, criminal trespass, possession of marijuana, possession of drug paraphernalia. Here's an active warrant. That's been active for five years.

Franklin County, January of 2010, petty theft and criminal trespass. That was dismissed. Franklin County, April of 2008, disorderly conduct. Does all that sound about right?

THE DEFENDANT: Yes, Your Honor.

THE COURT:        So it's really significant. Based upon the facts and circumstances of this case, on Count 1 you will be sentenced to a minimum prison term of eight years in prison up to an indefinite maximum of twelve years in prison.

*        *        *

With regard to Count 6, you'll be sentenced to seven years in prison. Those two terms will run concurrently for an aggregate - - aggregate minimum prison sentence of eight years to a maximum indefinite of twelve years.

**{¶15}** The appellant filed a timely appeal, and sets forth the following assignment of error:

**{¶16}** "I. THE TRIAL COURT ERRED BY IMPOSING A SENTENCE IN EXCESS OF A REASONABLE CALCULATION MADE TO ACHIEVE THE OVERRIDING PURPOSES OF FELONY SENTENCING, AS REQUIRED BY OHIO REVISED CODE SECTION 2929.1(A), AND, AS A RESULT, THE SENTENCE IMPOSED WAS CONTRARY TO LAW UNDER OHIO REVISED CODE SEC. 2953.08(G)(2)."

**{¶17}** The appellant argues that the trial court erred in imposing sentence. We disagree.

## STANDARD OF REVIEW

{¶18} Felony sentences are reviewed on appeal under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

## ANALYSIS

{¶19} The appellant pleaded guilty to one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, and felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree.

{¶20} R.C. 2929.14(A) sets forth prison terms for felonies of various degrees, and states in pertinent part:

(2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in

determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

**{¶21}** R.C. 2929.144 addressed the determination of maximum prison terms, and states in pertinent part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term.

**{¶22}** Thus, the maximum term for appellant's robbery count was twelve years, which is precisely the sentence the trial court imposed.

**{¶23}** The trial court had the same options for sentencing on the felonious assault charge, also a second degree felony, for which it imposed a seven-year sentence. The trial court ordered that the sentences be served concurrently, for an aggregate minimum prison sentence of eight years to a maximum indefinite sentence of twelve years. Thus, again, the trial court's sentence is within the parameters of the applicable statute.

{¶24} The appellant argues that the sentence imposed by the trial court failed to comply with R.C. 2929.11(A) or properly weigh the factors set forth in R.C. 2929.12. We disagree. As set forth by this court in *State v. Worden,* 5th Dist. Muskingum No. CT2022-0030, 2022-Ohio-4648:

A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*Id.* at ¶8.

{¶25} R.C. 2929.11 provides in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender,

deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶26}** R.C. 2929.12 provides:

(A)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B)    The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)   The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)   The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3)   The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4)   The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5)   The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6)   The offender's relationship with the victim facilitated the offense.

(7)   The offender committed the offense for hire or as a part of an organized criminal activity.

(8)   In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9)   If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who

was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)   The victim induced or facilitated the offense.

(2)   In committing the offense, the offender acted under strong provocation.

(3)   In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)   At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been

unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)   The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)   The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)   The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)   The offender shows no genuine remorse for the offense.

(E)   The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)   Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)   Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)   Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)   The offense was committed under circumstances not likely to recur.

(5)   The offender shows genuine remorse for the offense.

(F)     The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

**{¶27}** The appellant argues that the victim had been his drug dealer prior to the attack, and argues that he was merely the driver and not the one who actually struck the victim, and that these mitigating factors render the trial court's sentence violative of Ohio law. The appellant's arguments are unpersuasive and do not establish that the trial court failed to comply with R.C. 2929.11(A) or properly weigh the factors set forth in R.C. 2929.12, particularly since the appellant has a criminal history containing a significant number of criminal offenses committed prior to the offenses in this case, and had not led a law-abiding life for many years prior to the offenses herein. Furthermore, the offenses committed by the appellant in this case were not committed "under circumstances not likely to recur."

**{¶28}** The court in *Worden, supra*, discussed a similar sentencing issue:

R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27.

**{¶29}** In the case sub judice, the sentence imposed by the trial court on the charges to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12.  In fact, the record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

**{¶30}** Two of the overriding purposes of felony sentencing include punishing the offender, and protecting the public from future crime by the offender. The appellant's presentence investigation established that he had a significant criminal history. The sentence imposed by the trial court achieves the aforesaid statutory purposes, as it

punishes the appellant for his offenses and protects the public from future crime by the appellant.  The trial court properly considered the need for incapacitating the offender, and deterring the offender and others from future crime. The appellant committed two second degree felonies, and has a significant history of criminal behavior. R.C. 2929.12 gives the trial court discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.

{¶31} Furthermore, the appellant acknowledged during his Plea Hearing that he was aware the trial court was not obligated to follow the joint recommendation at sentencing, and that he could possibly be sentenced to as much as twelve years in prison. As set forth by the court in *State v. Oakley,* 3rd Dist. Logan No. 8-19-06, 2019-Ohio-2487:

> Moreover, trial courts are not bound by a jointly recommended sentence. *State v. Lyttle*, 3d Dist. Auglaize No. 2-12-22, 2013-Ohio-2608, ¶ 24, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. In fact, " '[a] trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *Lyttle* at ¶ 24, quoting *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 6; *State v. Spencer*, 3d Dist. No. 6-12-15, 6-12-16, 2013-Ohio-137, ¶ 10.

*Id.* at ¶ 12. In this case, the trial court forewarned the appellant that the "joint recommendation is not binding on this Court and, at sentencing, I do not have to follow

it," which the appellant affirmatively acknowledged. As such, the trial court did not err in imposing a greater sentence that that jointly recommended by the parties.

**{¶32}** Based upon the foregoing, we find that the trial court did not commit error when it sentenced the appellant. The trial court forewarned the appellant that it did not have to follow the joint recommendation regarding sentencing. Further, the trial court's sentence for the charges to which the appellant pleaded guilty complies with the applicable rules and sentencing statutes. While the appellant may disagree with the way in which the trial court weighed those factors, his sentence was within the applicable statutory parameters. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law.

**{¶33}** The appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.